RECEIPT # 57849
AMOUNT $ 150.-
SUMMONS ISSUED 2
LOCAL RULE 4.1 ___
WAIVER FORM ___
MCF ISSUED ___
BY DPTY. CLK. ___
DATE 7-9-04

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04 1174_ NMG

MAGISTRATE JUDGE _____

| | |
|---|---|
| ELLA M. GRAHAM, <br> Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| ROBERT ROLLINS, <br> Defendant. | ) <br> ) <br> ) |
| v. | ) <br> ) |
| THOMAS DAY, SR., <br> Trustee Defendant. | ) <br> ) <br> ) |

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

### Parties

1. Plaintiff, Ella M. Graham, is an individual residing at 20 Narragansett Boulevard, Fairhaven, MA 02719.

2. Defendant, Robert Rollins, is an individual who, upon information and belief, resides at 999 Chickadee Drive, Venice, FL 34292.

3. Trustee Defendant, Thomas Day, Sr., is an individual who resides at 999 Chickadee Drive, Venice, FL 34292.

### Facts

4. On or about early September, 1999, the Plaintiff was asked to help on a temporary basis over a weekend to care for the Defendant as a certified home health aide. At the time the Plaintiff was an employee of Gentiva Health Services ("Gentiva") but was reimbursed for the care of Defendant by Defendant directly for the services rendered.

5. At the time, upon information and belief, Cerebral Palsy of Massachusetts, Inc. ("CPM"), provided personal health care services and was reimbursed by Mass Health for services rendered by them for the benefit of the Defendant.

1

6. After the initial weekend of care by the Plaintiff to the Defendant, on or about early September, the Plaintiff asked the Defendant if she would continue to care for him.

7. In addition to continuing to work for Gentiva on other matters, the Plaintiff was also employed by CPM, to care for the Defendant.

8. The Plaintiff submitted time sheets and faxed them to CPM and the checks were made payable to the Plaintiff from the Defendant's account and were mailed to the Defendant's home and funds were deposited in the Defendant's account to cover the check.

9. At some point in time, the Defendant became increasingly more difficult to take care of. There were issues of doctor's visits, personal health care and hygiene, cleaning the house, food shopping and paying the bills that were required, care that was not reimbursed by Mass Health to CPM.

10. The Defendant asked the Plaintiff to care for him and provide these services apart from her employer and without compensation. The Defendant stated he was without funds to reimburse the Plaintiff.

11. As the amount of care increased, as an inducement to take care of him for that period of time and for services not covered by CPM, the Defendant promised the Plaintiff he would give her one-half of his estate if she would take care of him until death.

12. The parties arrived at an understanding. A new will was created to reflect the agreement and the Plaintiff took care of the Defendant as agreed in addition to receiving the base amount from CPM which in turn reimbursed from Mass Health. A copy of that will is attached as Exhibit "A". It was the Plaintiff's understanding that the Defendant owned the home that he was in, that being 8 Rollins Way, Buzzards Bay, MA 02532, hereinafter ("Property") or was about to inherit it from his mother.

13. As the Defendant claimed he was without funds, the Plaintiff had to use her own funds to pay for expenses necessary to maintain the health and welfare of the Defendant as well as home maintenance, and other bills of the Defendant. In addition, Plaintiff was required to move in with the Defendant to care for him during the night for good on or about July, 2000.

14. Considerable care went into taking care of the Defendant. At times, he began to suffer from various mental illnesses as well as severe incontinence which required constant round the clock care. The Plaintiff either cared for him or followed up on a daily basis with the health care aide that may have been present.

15. On or about April, 2003, the Trustee Defendant suggested to the Plaintiff that he would like to take the Defendant to Florida and sell the house as the taxes and maintenance on the Property were more than the Defendant could afford. In addition, the Property was in need of major repairs and there were no funds available.

16. The Defendant asked the Plaintiff to move to Florida with him and to continue caring for him, or in the alternative, to purchase a less expensive home in the Southeastern Massachusetts area.

17. The Plaintiff indicated that she was concerned about all the money she had expended over the years on the Defendant and the continued monies that were required to sustain him. In consideration, she conveyed her desire to own one-half interest in any new house that was purchased if he couldn't pay her. The parties began to look for a home.

18. Plaintiff was concerned about living near the Trustee Defendant in Florida because Trustee Defendant's drinking lead the Defendant to drink alcohol which made the Defendant mentally unstable due to the amount of medication he was on and was against the doctor's order.

19. The Defendant was an avid collector of guns. There were numerous guns and ammunition stored on the Property. The Plaintiff was concerned about her safety and the safety of the Defendant as she believed the Defendant was unstable at times.

20. Sometime during 1998 or 1999, the Wareham Police Department removed the guns from the Defendant's Property as they were concerned about his medical condition and ongoing treatment for Parkinson's disease.

21. On or about August 23, 2000, the Defendant retained an attorney, Edward George, to have the guns returned to Property. A copy of that letter is contained as Exhibit "B". In support of Attorney George's request, a letter from Dr. David Simon was enclosed which indicated that Dr. Simon felt comfortable with the guns being in the home as long as the Plaintiff was present supervising to him for safety. Plaintiff having seen that letter, was aware of her responsibilities as far as the safekeeping of the guns and her implied obligations. The Plaintiff states that the guns were locked in a safe in the home, however there was ammunition throughout the Property, including under the beds and in the closets unlocked. From time to time, the Plaintiff would allow the Defendant to hold these guns unloaded while under her supervision.

22. On or about June 8, 2004, the Plaintiff returned to the Property and found the Defendant holding the guns with ammunition not locked up. The Trustee Defendant was two rooms over and upon information and belief had unlocked the safe for the Defendant to take to guns out of the safe. Fearful that she was responsible for the Defendant's safety as a result of the letter from Dr. Simon, Plaintiff contacted the Wareham Police Department immediately.

23. The Defendant was very upset with the actions of the Plaintiff having called the police as the guns were important to him. The Defendant ordered the Plaintiff to leave the Property.

24. On or about June 9, 2004, the Trustee Defendant moved the Defendant to Florida and on June 24, 2004, the Property was sold. A copy of the Deed is attached hereto as Exhibit "C".

25. The Plaintiff has not heard from the Defendant since.

26. Upon information and belief, the funds from the proceeds have been transferred to Florida and may be in the hands of the Trustee Defendant.

27. At all times relevant, the Plaintiff has cared for the Defendant in a caring and professional manner.

## COUNT ONE
### (Breach of Contract)

28. The Plaintiff repeats and realleges the allegations as set forth in her Complaint in paragraphs 1 through 27.

29. The Defendant's actions are a breach of contract.

30. The Plaintiff suffered damages as a result of the Defendant's breach of contract.

## COUNT TWO
### (Promissory Estoppel)

31. The Plaintiff repeats and realleges the allegations as set forth in her Complaint in paragraphs 1 through 30.

32. The Plaintiff relied on Defendant's promise to leave her one-half interest in his estate in exchange for caring for him.

33. The Defendant's actions amount to promissory estoppel.

4

34. The Plaintiff breached its promise as promised to the Plaintiff.

35. The Plaintiff has suffered damages as a result.

### COUNT THREE
### (Negligent Infliction of Emotional Distress)

36. The Plaintiff repeats and realleges the allegations as set forth in her Complaint in paragraphs 1 through 35.

37. The Plaintiff's actions are a negligent infliction of emotional distress.

38. The Plaintiff has suffered emotional distress as a result.

### COUNT FOUR
### (Intentional Infliction of Emotional Distress)

39. The Plaintiff repeats and realleges the allegations as set forth in her Complaint in paragraphs 1 through 38.

40. The Plaintiff's actions are an intentional infliction of emotional distress.

41. The Plaintiff has suffered emotional distress as a result.

**WHEREFORE**, the answering Plaintiff prays for judgment as follows:

1. That a Temporary Restraining Order be issued against the Defendant from transferring, hypothocating or otherwise spending $500,000.00 of his fund until final adjudication of this matter;

2. That a Temporary Restraining Order be issued against the Trustee Defendant from transferring, hypothocating or otherwise spending $500,000.00 of funds held from the benefit of the Defendant until final adjudication of this matter;

3. That an Order of Notice issue;

4. That a Preliminary Injunction issue against the Defendant from transferring, hypothocating or otherwise spending $500,000.00 of his funds until final adjudication of this matter;

5. That a Preliminary Injunction issue against the Trustee Defendant from transferring, hypothecating or otherwise spending $500,000 of funds held for the benefit of the Defendant until final adjudication of this matter;

6. That Judgment enter for the Plaintiff;

7. That the Court award Attorney's Fees and costs to the Plaintiff; and,

For any other relief that the Court deems meet and just.

                              The Plaintiff,
                              Ella M. Graham,
                              By Her Attorney,

*[signature: Peter M. Daigle]*
Peter M. Daigle, Esquire
BBO # 640517
1550 Falmouth Road, Suite 6
Centerville, MA 02632
(508) 771-7444

Dated: August 4, 2004
H:\Graham, Ella Marie\Complaint.doc

## VERIFICATION

I, Ella M. Graham, hereby depose and state as follows:

1. I am Ella M. Graham, the Plaintiff in the above-entitled action.

2. I have read the Verified Complaint filed herein and, knowing the contents thereof, have found that the allegations of fact set forth therein are based on my own personal knowledge and are true, except as to those allegations based on information and belief which I believe to be true.

*Ella M. Graham*
Ella M. Graham

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Ella M. Graham v. Robert Rollins v. Thomas Day, Sr.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [ ] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [X] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   None

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [ ]   NO [X]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Peter M. Daigle
ADDRESS   1550 Falmouth Road, Suite 6, Centerville, MA 02632
TELEPHONE NO.   (508) 771-7444

(Coversheetlocal.wpd - 10/17/02)

%JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ELLA M. GRAHAM

## DEFENDANTS
ROBERT ROLLINS
THOMAS DAY, SR.

(b) County of Residence of First Listed Plaintiff **Bristol**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed **Sarasota**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Peter M. Daigle
1550 Falmouth Road, Suite 6
Centerville, MA 02632

Attorneys (If Known)
04 11743 NMG

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ ~~151 Medicare Act~~ | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other |  | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: |  | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other |  | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property |  ☐ 550 Civil Rights / ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Common law breach of contract and promissory estoppel.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
None
JUDGE
DOCKET NUMBER

DATE
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

## Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b.) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States, are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section IV below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a) Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the c