UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

| | |
|---|---|
| ELLA M. GRAHAM, Plaintiff, | ) ) ) |
| v. | ) ) |
| ROBERT ROLLINS, Defendant. | ) ) ) |
| v. | ) ) |
| THOMAS DAY, Trustee Defendant. | ) ) ) |

## AFFIDAVIT OF PETER M. DAIGLE IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER

1. I, Peter M. Daigle, am licensed to practice law in the Commonwealth of Massachusetts and the United States District Court of Massachusetts.

2. I am counsel of record for the Plaintiff in this matter.

3. On or about June 21, 2004, in anticipation of making a claim on behalf of the Plaintiff, I had a telephone conversation with Attorney Lisa Mycock who told me that she represented the Defendant, Robert Rollins. I asked her if the property to which the Plaintiff was expected to receive funds for services rendered was under agreement or being sold as I would like to settle the matter between the parties without judicial intervention but was concerned with the property being sold and the funds going out of the state.

4. Attorney Mycock told me that the house was not scheduled to close in the foreseeable future.

5. After I had returned from vacation on or about July 12, 2004, I was made aware that the property was sold on June 24, 2004, and upon information believed that the funds were transferred to Florida and possibly into the hands of the Trustee Defendant (see attached Exhibit "A").

6. During the course of my reviewing the documents from the file, I happened on April 10, 2003, letter from Attorney Mycock who indicated the possibility of gifting the assets to another individual. I am concerned based upon this letter that

1

the proceeds from the property may have been gifted to another individual and forever out of reach of the Plaintiff (see attached Exhibit "B").

7. I submit this affidavit to support my motion for temporary restraining order as if the Defendant is aware of this action may transfer the funds outside of the reach of the Plaintiff and the Plaintiff will be unable to recover causing irreparable loss.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 16 DAY OF AUGUST, 2004.

_____
Peter M. Daigle, Esquire
BBO # 640517
1550 Falmouth Road, Suite 6
Centerville, MA 02632
(508) 771-7444

H:\Graham, Ella Marie\Affidavit of PMD.doc

2

3

**EXHIBIT "A"**

Property Location: 8 Rollins Way, Onset, Massachusetts

## QUITCLAIM DEED

I, Robert Rollins of 999 Chickodee Drive, Venice FL 34292,

for consideration of Nine Hundred Thousand ($900,000.00) Dollars,

grant to Aaron Sorgman of Post Office Box 230, Monument Beach, Massachusetts 02553,

with **QUITCLAIM COVENANTS**, that certain lot or parcel of land, together with the buildings thereon situated in Wareham, in the County of Plymouth Massachusetts, bounded and described as follows:

Said parcel is shown as Lot 29 on subdivision plan #2433-6, drawn by Walter E. Rowley, Surveyor, dated September 30, 1958, filed with Certificate of Title No. 30120.

Said lot is subject to and has the right to use the area marked "Way" on said plan for all purposes for which streets and ways are commonly used in the Town of Wareham in common with others lawfully entitled thereto, as set forth in a certain deed from Theodore Silvester et ux to Alfred A. Rollins et ux, dated September 3, 1963, filed as document #91323.

The above described land is also subject to and has the benefit of the provisions contained in a certain deed from Clarence C. Fuller to Addie C. Carleton dated February 11, 1922, filed and registered as document #1949.

There is appurtenant to the above described land a right of way as set forth in a deed given by James G. Powers et al to Judson H. Coffin, dated April 9, 1892, recorded with Plymouth Deeds, Book 637, Page 209.

Subject to any and all existing restrictions and encumbrances still in force and effect.

For title see Plymouth County Registered Land Division, Certificate of Title No. 99003.

*Prepared by* the Law Office of Patricia J. Mello, P.C.
766 Falmouth Road, Mashpee, MA 02649
508-477-0267

1

SPOP

WITNESS my hand and seal this 24th day of June 2004.

*Robert Rollins*
Robert Rollins

## STATE OF FLORIDA

County of Sarasota

On this 24th day of June 2004, before me, the undersigned notary public, personally appeared Robert Rollins, proved to me through satisfactory evidence of identification, which was ___ personal knowledge of identity or FLID*R452761341O to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

*Allison Tuzik*



Allison Marie Tuzik
My Commission DD282292
Expires January 20, 2008

**CANCELLED**

07/07/04  9:56AM      01
000000 #0216

FEE           $4104.00

CASH    $4104.00

A true copy of document filed in Plymouth District of the Land Court on JUL 7, 2004 at 9:50AM as Document No. 568564
Attest: *John R Buckley Jr.*
Assistant Recorder

Prepared by the Law Office of Patricia J. Mello, P.C.
766 Falmouth Road, Mashpee, MA 02649
508-477-0267

2

SPOP

**EXHIBIT "B"**

4

# Law Office of Patricia J. Mello, P.C.

*Madaket Place, Unit A-9, 766 Falmouth Road*
*Mashpee, Massachusetts, 02649*
(508) 477-0267-Phone
(508) 477-2952- Fax

**Patricia J. Mello, Esquire**
**Lisa E. Mycock, Esquire***
**Janet Simons, Esquire***

**Jennifer S. Barth, Esquire***
**Denise M. Morad, Legal Assistant**
*Of Counsel*

April 10, 2003

Mr. Robert Rollins
8 Rollins Way
Buzzards Bay, MA 02532

    Re:    MassHealth

Dear Mr. Rollins:

As per our conversation of today, please be advised that unless you reduce your assets (exclusive of your home and one automobile) to less than $2,000.00 before April 25, 2003 then you will not be eligible to continue to receive MassHealth benefits. We discussed various allowable methods to reduce your assets. These methods including:

1. The purchase of a new car and associated expenses, such as insurance. (Please note, you are allowed to retain one car which is considered non-countable.)
2. Legitimate house repairs.
3. The purchase of personal items, such as furniture, appliances, clothing, video equipment, etc. are allowable non-countable assets.
4. Payment of outstanding or future debt, such as annual taxes, homeowners or car insurance.
5. Establishment of a $1,500.00 burial account.
6. Prepaid irrevocable burial contracts worth any value.

One method we did not discuss was your ability to gift the asset to another individual. I caution you that if you choose to gift the asset the gift must be a completed gift with no strings. This means that if you give the money to another individual and they use the money for their benefit you will have no recourse. I suggest you consider discussing any potential gifting with Tom.

April 10, 2003
Page Two

Please follow up with me next week to discuss your progress. If you need any additional assistance or have any questions please do not hesitate to contact me.

Very truly yours,

Lisa E. Mycock

LEM/