FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 SEP 24 P 1:49

CIVIL ACTION NO.
04-11743NMG

U.S. DISTRICT COURT
DISTRICT OF MASS.

ELLA M. GRAHAM
Plaintiff

v.

ROBERT ROLLINS
Defendant

And

THOMAS DAY, SR.,
Trustee Defendant

**DEFENDANT, ROBERT ROLLINS' AND TRUSTEE DEFENDANT, THOMAS DAY, JR.'S, ANSWER TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Now come the Defendants, Robert Rollins, and Thomas Day, Jr., Trustee Defendant, and Answer Plaintiff's Complaint as follows:

1. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. The Defendants admit the allegations contained in Paragraph 2 of Plaintiff's Complaint, except the Defendants deny the address.

3. The Defendants admit the allegations contained in Paragraph 3 of Plaintiff's Complaint, except that the Trustee Defendant is Thomas Day, Jr.

4. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 4 of Plaintiff's Complaint, except the Defendant Rollins admits that the Plaintiff was asked to help the Defendant on a temporary basis.

5. The Defendants deny the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. The Defendants deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The Defendants deny the allegation contained in Paragraph 7 of Plaintiff's Complaint, except the Defendants are without sufficient information to either admit or deny that the Plaintiff continued to work for Gentiva on other matters.

8. The Defendants deny the allegations contained in Paragraph 8 of Plaintiff's Complaint, except that the Plaintiff did submit time sheets to CPM and checks were made payable to the Plaintiff from the Defendant Rollins.

9. The Defendants deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The Defendants deny the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The Defendants deny the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The Defendants deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, except that Exhibit A is a will, which speaks for itself. Further, the Defendants are without sufficient information to either admit or deny what "the Plaintiff's understanding" was.

13. The Defendants deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, except the Defendants are without sufficient information to either admit or deny as to any expenses paid by the Plaintiff. Further, the Defendant Rollins admits that the Plaintiff moved into a separate apartment owned by him, next door to him, in approximately July 2000 and denies "Plaintiff was required".

14. The Defendants deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, except the Defendant Rollins admits that he has had medical concerns and incontinence.

15. The Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, except the Trustee Defendant discussed with the Defendant Rollins his options, including selling the house.

16. The Defendants deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, except the Defendant Rollins discussed with the Plaintiff his options, including selling the house and relocating locally or to Florida.

17. The Defendants deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, except the Defendant Rollins admits that the Plaintiff continually

pressured him to sign his real estate over to the Plaintiff and further admits that both Plaintiff and Defendant Rollins looked at homes in the area.

18. The Defendants deny the allegations contained in Paragraph 18 of Plaintiff's Complaint, except the Defendants are without sufficient information to either admit or deny that there was a doctor's order not to drink alcohol.

19. The Defendants deny the allegations contained in Paragraph 19 of Plaintiff's Complaint, except the Defendant Rollins admits that he was a collector of guns and that at various times he had guns and ammunition on the property. Further, the Defendants are without sufficient information to either admit or deny what the Plaintiff "believed".

20. The Defendants admit the allegations contained in Paragraph 20 of Plaintiff's Complaint, except the Defendants are without sufficient information to either admit or deny what year this occurred and why they took such action.

21. The Defendants deny the allegations contained in Paragraph 21 of Plaintiff's Complaint, except that the Defendants admit that the Defendant retained Attorney Edward George and that the letter marked as Exhibit B speaks for itself. The Defendant further admits that his guns were locked in a safe in the hall and that there was ammunition at his home and that from time to time the Defendant Rollins was allowed to hold his unloaded guns. Further, the Defendants are without sufficient information as to admit or deny what the Plaintiff thought her responsibility was.

22. The Defendants deny the allegations contained in Paragraph 22 of Plaintiff's Complaint.

23. The Defendants deny the allegations contained in Paragraph 23 of Plaintiff's Complaint, except that the Defendant Rollins was upset at the Plaintiff but for other reasons. Further, the Defendant Rollins admits that he ordered the Plaintiff to leave his property.

24. The Defendants deny the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. The Defendants admit the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26. The Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint, as it is unclear what "proceeds" means in this context.

27. The Defendants deny the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28. The Defendants restate and reaver their answers to Paragraphs 1-27 of Plaintiff's Complaint.

29. The Defendants deny the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. The Defendants deny the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. The Defendants restate and reaver their answers to Paragraphs 1-30 of Plaintiff's Complaint.

32. The Defendants deny the allegations contained in Paragraphs 32 of Plaintiff's Complaint.

33. The Defendants deny the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. The Defendants deny the allegations contained in Paragraph 34 of Plaintiffs' Complaint.

35. The Defendants deny the allegations contained in Paragraph 35 of Plaintiff's Complaint.

36. The Defendants restate and reaver their answers to Paragraphs 1-35 of Plaintiff's Complaint.

37. The Defendants deny the allegations contained in Paragraph 37 of Plaintiff's Complaint.

38. The Defendants deny the allegations contained in Paragraph 38 of Plaintiff's Complaint.

39. The Defendants restate and reaver their answers to Paragraphs 1-38 of Plaintiff's Complaint.

40. The Defendants deny the allegations contained in Paragraph 40 of Plaintiff's Complaint.

41. The Defendants deny the allegations contained in Paragraph 41 of Plaintiff's Complaint.

**FIRST AFFIRMATIVE DEFENSE**

1. The complaint must be dismissed pursuant to Mass. R. Civ. P. 12(b)(6), as it fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. The Plaintiff is barred from recovery by reason of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

3. By her actions, the Plaintiff has waived any claims, which she has in this matter set forth in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

4. The claims set forth in the complaint are barred by the statute of limitations.

**FIFTH AFFIRMATIVE DEFENSE**

5. The complaint must be dismissed since any damages suffered by the Plaintiff was as a result of their own actions or of some third party, not the fault of the Defendants.

**SIXTH AFFIRMATIVE DEFENSE**

6. The claims of the Plaintiff are barred by Plaintiff's failure to mitigate her damages.

**SEVENTH AFFIRMATIVE DEFENSE**

7. The complaint must be dismissed pursuant to Mass. R. Civ. P. 12(b)(2) and 12(b)(5) as there is no personal jurisdiction and there was insufficient service of process.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Some or all of Plaintiff's claims are barred under the doctrine of ratification.

**NINTH AFFIRMATIVE DEFENSE**

9. Some or all of Plaintiff's claims are subject to the defenses of setoff and/or recoupment.

**TENTH AFFIRMATIVE DEFENSE**

10. At all relevant times, the Defendants acted in good faith.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Some or all of Plaintiff's claims are barred because she has acted in bad faith.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Some or all of Plaintiff's claims are limited by contributory negligence.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Some or all of Plaintiff's claims are barred under the doctrine of unclean hands.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Some or all of Plaintiff's claims are barred by virtue of her own breach of fiduciary duty.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. Plaintiff lacks standing to assert some or all of her claims.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. The Defendants reserve the right to assert additional defenses, as they become known through the course of discovery.

**COUNTERCLAIM**

As and for his Counterclaim against Ella Graham, Robert Rollins alleges as follows:

1. Plaintiff in Counterclaim, Robert Rollins., is an individual who resides in Florida (hereinafter referred to as "Rollins").

2. Defendant in Counterclaim, Ella Graham, is an individual upon information and belief residing at 20 Narragansett Boulevard, Fair Haven, Massachusetts (hereinafter referred to as "Graham").

3. Rollins was formerly the owner of property located in Wareham, Massachusetts comprised of two separate living areas (hereinafter the "Property").

4. Rollins has suffered from medical ailments, which have been previously diagnosed as Parkinson's disease.

5. From approximately 1999 until May 2004, Graham was employed by Rollins to provide care and services for him.

6. For approximately the same period of time, Graham's daughter, Paula Gillette, was employed by Rollins to provide care and services for him.

7. After each bi-weekly period, Graham and Paula Gillette submitted their time cards for service performed.

8. Each bi-weekly period Rollins delivered to Graham and Paula Gillette a check, which included standard withholdings, together with a pay stub for the hours of service billed.

9. From approximately July 2000 until late May 2004, Graham occupied the separate apartment owned by Rollin.

10. The property included a water view and beach access, all of which was made available to Graham during her exclusive use and occupation of the apartment.

11. The apartment had a fair market rental value.

12. Graham never paid Rollins the fair market value rental for her exclusive use and occupancy of the apartment.

13. On numerous occasions, Graham, despite her compensation, pressured Rollins to convey the real estate that he received by inheritance to her.

14. Graham, on numerous occasions, attempted to take advantage of Rollins' debilitated medical condition.

15. Despite the compensation paid by Rollins to Graham, Graham's care for Rollins was sub-standard, such that Rollins did not receive the level of care for which he had paid Graham.

## COUNT I
## BREACH OF CONTRACT

16. Rollins reavars and restates Paragraphs 1 -15 of his Counterclaim.

17. Graham breached her contract with Rollins by providing sub-standard care for Rollins.

## COUNT II
## BREACH OF CONTRACT

18. Rollins reavers and restates Paragraphs 1-17 of his Counterclaim.

19. Graham failed to pay Rollins the fair market rental value for the exclusive use and occupancy of the apartment from July 2000 until late May 2004.

## COUNT III
## QUANTUM MERUIT

20. Rollins reavers and restates Paragraphs 1-19 of his Counterclaim.

21. Graham failed to pay Rollins the fair market rental value for the exclusive use and occupancy of the apartment from July 2000 until late May 2004.

## COUNT IV
## INTENTIONAL AFFLICTION OF EMOTIONAL DISTRESS

22. Rollins reavers and restates Paragraphs 1-21 of his Counterclaim.

23. Graham has engaged in intentional conduct over the years to take advantage of Rollins' debilitative medical condition so as to cause Rollins to suffer physical harm.

24. Graham has engaged in intentional conduct over the years to take advantage of Rollins' debilitative medical condition to attempt to take advantage of Rollins financially.

WHEREFORE, the Defendants respectfully request that this court:

1) Dismiss the Plaintiff's Complaint;
2) Enter a judgment for the Defendants with respect to the Plaintiff's Complaint;
3) Enter a Judgment for the Plaintiff-in-Counterclaim for monetary damages against the Defendant-in-Counterclaim;
4) assess attorney's fees against the Plaintiff and Defendant in Counterclaim;
5) grant any other relief deemed meet and just.

**THE DEFENDANTS DEMAND TRIAL BY JURY ON SUCH COUNTS SO TRIABLE**

Respectfully submitted
The Defendants
By their attorney

Robert C. Lawless,
BBO #288890
Lawless & Lawless P.C.
3166 Main Street
P.O. Box 1165
Barnstable, Massachusetts 02630
(508) 362-9666

Dated: September 23, 2004

## CERTIFICATE OF SERVICE

I, Robert C. Lawless, Esq., hereby certify that I served the within document on the opposing counsel of record, via first class mail, postage prepaid, this 23rd day of September 2004.

Robert C. Lawless, Esq.